UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESLIE WHEELER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-CV-285-PLR-DCP |
| ANDREW M. SAUL,<br>Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 24], filed on June 25, 2020. Plaintiff requests that the Court enter an Order awarding $3,796.44 in attorney's fees and $24.00 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I.     BACKGROUND**

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on July 23, 2019, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1].

On February 5, 2020, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 18 & 19], and on March 23, 2020, the parties filed a Joint Motion to Remand [Doc. 21]. The Court entered an Order of Remand under Sentence Four of 42 U.S.C. § 405(g) on April 1, 2020 [Doc. 22], and ordered that:

> On remand, Defendant will remand the case to a new administrative law judge ("ALJ") to offer Plaintiff the opportunity for a hearing and further consider the alleged impairments at step two. The ALJ will also reconsider the medical opinions

of Jeffrey Summers, M.D., and the state agency medical consultants. The ALJ will re-evaluate Plaintiff's residual functional capacity and issue a new decision.

[*Id.*].

Plaintiff subsequently filed the instant motion on June 25, 2020, as well as an Affidavit of Plaintiff's counsel, time billing entries, and Plaintiff's affidavit and assignment of EAJA fee, and a memorandum in support. [Doc. 25]. The Commissioner filed a response [Doc. 26] on June 27, 2020, stating that he had no opposition to the payment of attorney's fees and expenses in the amount requested.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1). The Court will address each consideration in turn.

### A. The Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Therefore, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be

2

justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for attorney's fees under the EAJA [Doc. 26], thereby conceding that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In support of her motion for attorney's fees, Plaintiff's counsel submitted an affidavit which included an itemized statement detailing the work performed in this case on behalf of Plaintiff—which amounted to 18.1 hours expended, at an applicable hourly rate of $191.24, and 6.7 paralegal hours at an hourly rate of $50.00 [Doc. 21]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to Plaintiff's request for attorney's fees, and the Commissioner has conceded that Plaintiff is entitled to the amount requested. Plaintiff's counsel has submitted an itemized statement detailing the work performed in this case on behalf of Plaintiff which amounted to 18.1 hours expended, at an applicable hourly rate of $191.24, and 6.7 paralegal hours at an hourly rate of $50.00

3

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).

In the present case, to support her request for an increase in the hourly rate, Plaintiff's counsel states that she is requesting an hourly rate of $191.24, and that in an effort to minimize attorney fees for the fee litigation, she does not present extensive argument about the requested hourly rate. However, she states that the attorneys in this case have extensive experience in Social Security law, and that she is willing to present additional argument if the Commissioner disagrees with the hourly rate. The Court uses the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) to calculate the appropriate hourly rate, and notes that the requested hourly rates appear appropriate. Ultimately, the Court has considered the amount requested, and, combined with the Commissioner's response of non-opposition, the Court finds that the fee amount is reasonable.

4

Additionally, a prevailing party may receive fees for work requiring legal knowledge performed by paralegals. *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp.2d 797, 804-05 (N.D. Ohio 2013); *Lay v. Astrue*, No. 10-346-DLB, 2012 WL 5988822, at * 5 (E.D. Ky. Nov. 29, 2012) (paralegal services are tasks which require some legal knowledge but do not necessitate the direct involvement of an attorney and these tasks are compensable under the EAJA). On the other hand, fee requests for tasks that are purely clerical or secretarial in nature are not compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 1 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them."); *Synder v. Comm'r of Soc. Sec.*, No. 1:06-cv-2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011) (the EAJA does not include payment of clerical tasks). The Court has reviewed the submitted billing entries [Doc. 25-3] and finds that Plaintiff's counsel has not attempted to include entries that are strictly clerical in nature, but has only submitted hours that require legal knowledge, such as preparing the EAJA fee request.

## III. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 24] be granted, and a judgment awarding Plaintiff the amount of $3,796.44 in attorney's fees and $24.00 in expenses pursuant to the EAJA

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

be entered. However, the Court also notes that in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. If Plaintiff owes no debt to the United States, the payment of EAJA fees can be made directly to Plaintiff's counsel at the Olinsky Law Group per the assignment.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge