UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESLIE WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-285-TAV-DCP |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition of Plaintiff's Petition for Approval of 406(b) Attorney Fees [Doc. 29] and Plaintiff's Amended Petition for Approval of 406(b) Attorney Fees [Doc. 31]. Plaintiff requests that the Court enter an Order awarding $8,620.50 in attorney's fees under 42 U.S.C. § 406(b) and permitting Plaintiff's counsel to deposit into escrow the amount previously awarded to Plaintiff for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, totaling $3,796.44, to be paid over to Plaintiff's administrative hearing representative as all or a portion of the approved 406(a) fee with any remaining being returned to Plaintiff [Docs. 31 & 31-1]. For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's Petition and Amended Petition [Docs. 29 and 31] be **GRANTED IN PART**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

I.  BACKGROUND

Plaintiff filed a Complaint with this Court on July 23, 2019, seeking judicial review of the final decision of the Commissioner denying benefits [Doc. 1]. Plaintiff filed a Motion for Summary Judgment on February 5, 2020 [Doc. 18], and the parties subsequently filed a Joint Motion to Remand on March 23, 2020 [Doc. 21]. On April 1, 2020, District Judge Pamela L. Reeves issued an Order and Judgment [Docs. 22 & 23] denying Plaintiff's Motion for Summary Judgment [Doc. 18] as moot and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with the Order of Remand. On August 24, 2020, Plaintiff filed a Motion for fees under the EAJA [Doc. 24]. On March 12, 2021, District Judge Thomas A. Varlan accepted in whole the undersigned's Report and Recommendation [Doc. 27], awarding Plaintiff $3,796.44 in attorney's fees and $24.00 in expenses pursuant to the EAJA [Doc. 28].

Plaintiff subsequently prevailed on remand when the ALJ issued a favorable decision, awarding benefits for November 2017 through January 2021, totaling $34,482.00 in past-due benefits [Doc. 31-1 at 2]. The Social Security Administration withheld $8,620.50 from Plaintiff's past-due benefits for attorney's fees [*Id.*] Therefore, in her amended motion [Doc. 31], Plaintiff seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,620.50, representing 25% of the back benefits. Plaintiff further requests that the Court permit her attorney to deposit the previously awarded EAJA fees and expenses in the amount of $3,820.44, *see* [Doc. 30], into an escrow account so that they could be paid to Plaintiff's administrative-level representative as approved § 406(a) fees. The Commissioner has stated no opposition to Plaintiff's request for § 406(b) fees, noting that the Court must determine whether the request is reasonable, but asserts that Plaintiff's request to deposit the EAJA fees awarded into escrow to pay approved

2

§ 406(a) fees is "contrary to the explicit instructions of the statute and Supreme Court precedent." [Doc. 32 at 3].

II.     **POSITIONS OF THE PARTIES**

Plaintiff's counsel requests an award of attorney's fees pursuant to 42 U.S.C. § 406(b) based on his contingency fee agreement with Plaintiff [Doc. 31-2]. Counsel asserts that Plaintiff was awarded past-due benefits, of which $8,620.50 was withheld for payment of fees associated with the award and that Plaintiff contracted with counsel to pay twenty-five percent of any past-due benefits received [Doc. 31-1 at 2]. Counsel submits that this amount should be upheld given the contingent nature of the representation, the contract between Plaintiff and her attorney, and the absence of any reasons the award would be unjust [*Id.* at 3]. Plaintiff also requests that this Court issue an Order permitting Plaintiff's counsel to deposit the previously awarded EAJA fees and expenses, totaling $3,796.44, into escrow for the purposes of paying Plaintiff's administrative hearing representative as all or a portion of the approved § 406(a) fee with any remaining being returned to Plaintiff [Doc. 31-1 at 3]. Additionally, Plaintiff's counsel submits the final notice of award of benefits [Doc. 31-3], the fee agreement with Plaintiff [Doc. 31-2], the amended affirmation in support of Plaintiff's motion [Doc. 31-1], and the applicable time entries [Docs. 31-4 & 31-6].

The Commissioner filed a Response [Doc. 32] to Plaintiff's amended Petition stating that he does not oppose payment of an attorney's fee in the amount requested but noted that the Commissioner does not have a "direct financial stake" in the disbursement of funds under § 406(b). With regard to Plaintiff's counsel's request for permission to deposit the previously awarded EAJA funds into escrow to pay approved § 406(a) fees, the Commissioner asserts such proposed scheme is contrary to the explicit instructions of 42 U.S.C. § 406 b) and Supreme Court precedent.

3

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before § 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The Court will address each condition in turn.

### A. Favorable Judgment

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Additionally, after Plaintiff's case was remanded, a favorable decision was entered. Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by Plaintiff as payment for counsel's representation [Doc. 31-2]. Accordingly, the Court finds that Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to Plaintiff is reasonable given the contingent nature of the representation, the

4

contract between Plaintiff and her attorney, and the absence of any reasons the award would be unjust [Doc. 31-1 at 3]. The Commissioner did not object to the fee request in Plaintiff's original petition nor in the amended petition; however, the Commissioner has requested that the Court direct Plaintiff's counsel to refund the lesser of the § 406(b) fee deemed reasonable by this Court and any fee under the EAJA already awarded and received by counsel instead of permitting counsel to deposit the EAJA amount into escrow as she requested [Doc. 32].

The Court must still independently determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Here, the Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to Plaintiff. Thus, counsel was effective in their representation as they were able to achieve an extremely favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested

5

406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued:

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

The Social Security Administration has withheld $8,620.50 of past-due benefits, and Plaintiff contracted with counsel to pay twenty-five percent of the remainder of past-due benefits, which equals $8,620.50 in attorney's fees. [Doc. 31-1 at 2]. The Court considers the factors set forth in *Hayes*, the affidavits and itemized bill set forth by Plaintiff, the lack of opposition from the Commissioner, and the nature and complexity of the case, and finds the contingency fee award in the amount of $8,620.50 is reasonable. Moreover, the Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast."). Accordingly, the Court finds that an attorney's fee in the amount of $8,620.50 does not represent a windfall.

As a final matter, the Court notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378),

PL 99–80, § 3, 99 Stat. 186). The undersigned agrees with the Commissioner that there appears to be no authority pursuant to the Social Security Act or the EAJA for attorneys to withhold the funds from plaintiffs for direct payment of authorized administrative-level representatives. The Supreme Court has instructed:

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the Social Security Claimant's past-due benefits: Fee awards may be made under both prescriptions, but the claimant's attorney *must* refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100% of the past-due benefits.

*Gisbrecht*, 535 U.S. at 796 (emphasis added). The Court also agrees with the Commissioner that it has no jurisdiction over fees awarded pursuant to 42 U.S.C. § 406(a) and that § 406(a) addresses fees for representation before the Commissioner while § 406(b) addresses fees for representation in court. Plaintiff's counsel relies on *Culbertson v. Berryhill* in support of the request to deposit the prior EAJA award into escrow; however, the Commissioner has correctly pointed out that 42 U.S.C. § 406(a)(3)(C) expressly provides that "[t]he decision of the administrative law judge or other person conducting the review [under § 406(a)] shall not be subject to further review." And as reasoned above, the Supreme Court has been clear on claimants' attorney's obligations regarding the required fee refunds. Therefore, the Court has no authority to permit Plaintiff's counsel to deposit the EAJA fee award into an escrow account nor to review any award given under § 406(a) had that issue been raised by Plaintiff.

IV.     **CONCLUSION**

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that Plaintiff's Petition for

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need

Approval of 406(b) Attorney Fees [**Doc. 29**] and Plaintiff's Amended Motion for Approval of 406(b) Attorney Fees [**Doc. 31**] be **GRANTED IN PART** such that attorney's fees in the amount of $8,620.50 be made payable to Plaintiff's counsel under 42 U.S.C. § 406(b) and that, upon receipt of those fees, Plaintiff's counsel shall remit to Plaintiff the attorney's fees previously received pursuant to the EAJA—$3,796.44.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).